THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KRISTIN PETRI and SHERDON GREEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DRIVE NEW JERSEY INSURANCE COMPANY, a New Jersey corporation, and PROGRESSIVE GARDEN STATE INSURANCE COMPANY, a New Jersey corporation,<br><br>Defendants. | Case No.: 21-20510 (CPO)(EAP)<br><br>Order |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER SEALING MATERIALS

This matter having come before the Court upon the Joint Motion of Plaintiffs, Defendants, and non-parties Mitchell International, Inc. ("Mitchell") and J.D. Power for an Order pursuant to Local Civil Rule 5.3(c) permitting Plaintiffs to maintain under seal parts of Plaintiffs' Motion for Class Certification and supporting exhibits designated as confidential by Defendants and non-parties, Mitchell and J.D. Power. The Court, having considered the Motion, finds that the standards of Local Civil Rule 5.3(c) have been met and support the sealing of the confidential documents and information ("Confidential Information"); and for good

cause having been shown, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Through discovery in this case, the Defendants, Mitchell, and J.D. Power have produced confidential information, the public disclosure of which would affect their legitimate business interests. To protect the confidentiality of this information, the parties agreed to maintain the confidentiality of any materials produced pursuant to the Stipulated Confidentiality Order. ECF No. 66.

2. The redacted portions of Exhibit 2 to Plaintiffs' Motion for Class Certification, the deposition transcript of one of Defendants' 30(b)(6) witnesses, John Retton reveal Defendants' trade secrets regarding internal claims handling practices and training.

3. The redacted portions of Exhibit 4 to Plaintiffs' Motion for Class Certification, the deposition transcript of one of Defendants' 30(b)(6) witnesses, Michael Silver, reveal Defendants' trade secrets regarding internal data systems used in various functions of Defendants' business.

4. The disclosure of this Confidential Information would cause irreparable harm to Defendants' competitive standing.

5. Non-parties Mitchell International, Inc. and J.D. Power (collectively, "Third-Party Respondents") produced a substantial amount of highly sensitive,

confidential, and proprietary business material in response to third-party document production and deposition subpoenas issued by Plaintiffs.

6. The Third-Party Respondents produced the following Confidential Information pursuant to the Confidentiality Order. This material is cited in Plaintiffs' Motion for Class Certification.

   - Portions of Exhibit 1 to Plaintiffs' Motion for Class Certification with graphs depicting calculations derived from J.D. Power's proprietary data;

   - Portions of Exhibit 5 to Plaintiffs' Motion for Class Certification, the deposition transcript of Mitchell's 30(b)(6) witness, Phil Kroell, and all of exhibits 8 and 21 attached thereto;

   - Portions of Exhibit 7 to Plaintiffs' Motion for Class Certification, the report of Plaintiffs' expert, Michelle Lacey, Ph.D. ("Lacey Report"), and all of exhibits 5 and 8 thereto;

   - Portions of Exhibit 8 to Plaintiffs' Motion for Class Certification, the report of Plaintiffs' expert Kirk Felix ("Felix Report") and portions of exhibit 2 thereto;

   - Portions of Exhibit 10 to Plaintiffs' Motion for Class Certification, the deposition transcript of J.D. Power's 30(b)(6) witness, Blaine Bogus;

- Portions of Plaintiffs' briefing that quote or reference Exhibits 1, 5, 7, 8, and 10 of Plaintiffs' Motion for Class Certification.

7. Exhibits 1, 5, 7, 8, and 10 contain Third-Party Respondents' confidential information that competitors could use that to undercut them in the software market for valuation of total loss vehicles.

8. The proprietary data is critical to J.D. Power's competitive advantage and, in turn, Mitchell's proprietary WorkCenter Total Loss software that leverages the proprietary data and statistical methodology of J.D. Power to apply the Projected Sold Adjustment to Mitchell vehicle valuation reports.

9. The subject request is narrowly tailored to sealing only the confidential information contained in the above referenced materials.

10. The subject request to seal is in compliance with the terms of the Confidentiality Order and Local Civil Rule 5.3(c).

## CONCLUSIONS OF LAW

1. Upon consideration of the papers submitted in support of the Motion, the Court concludes that the burden of proving under Local Civil Rule 5.3 and applicable case law that the Confidential Materials described above should remain sealed has been met. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994). Specifically, the Court concludes that: (a) the Confidential Materials contain confidential information concerning Defendants' and Third-Party

Respondents' businesses; (b) Defendants and Third-Party Respondents have a legitimate interest in maintaining the confidentiality of the confidential materials to protect their disclosure to potential competitors; (c) public disclosure of the confidential materials would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the confidential materials is available.

2. The foregoing conclusions are supported by relevant case law holding that the right of public access is not absolute, and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential information from being transmuted into materials presumptively subject to public access. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 n.8 (2d Cir. 2004); *see also, e.g.*, *Worldwide v. Tapi API Inc.*, No. 2:19-cv-17086 (JXN-JRA), 2022 WL 16743734, at *2 (D.N.J. Apr. 22, 2022) (sealing supplier information); *Franchitti on behalf of United States v. Cognizant Tech. Sols. Corp.*, No. 3:17-CV-06317, 2021 WL 8443783, at *1 (D.N.J. Apr. 27, 2021) ("Courts may seal documents which contain 'confidential [ ] proprietary business information that is not otherwise available to the public.'").

IT IS on this **30th** day of **January, 2024**:

**ORDERED** that, based upon the foregoing findings of fact and conclusions of law, that the Joint Motion to Seal is hereby **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall permit the portions of the attachments to Plaintiffs' Motion for Class Certification identified in the Exhibits below to be sealed permanently, and the Clerk shall take such other steps as may be reasonably required to maintain the confidentiality of the Confidential Materials.

_____
The Honorable Elizabeth A. Pascal,
U.S.M.J.

# Exhibit 1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KRISTIN PETRI and SHERDON GREEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DRIVE NEW JERSEY INSURANCE COMPANY, a New Jersey corporation, and PROGRESSIVE GARDEN STATE INSURANCE COMPANY, a New Jersey corporation,<br><br>Defendants. | Case No.: 1:21-cv-20510-CPO-AMD |

**DECLARATION OF JOHN RETTON IN SUPPORT OF JOINT MOTION TO FILE UNDER SEAL PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Pursuant to 28 U.S.C. 1746, I, John Retton, declare as follows:

1. I am a Claims Director for Progressive Casualty Insurance Company and its affiliates, including Drive New Jersey Insurance Company and Progressive Garden State Insurance Company. This Declaration is based upon my personal knowledge and is made in support of the Parties' Joint Motion to File Under Seal Plaintiffs' Motion for Class Certification. If called as a witness to this matter, I could truthfully and competently testify as to all matters stated herein.

2. With the assistance of counsel and pursuant to Local Rule 5.3(c)(3), I prepared the below index describing (a) the materials at issue, (b) the interests warranting the relief sought, (c) the injury that would result if the relief sought is not granted, (d) why a less restrictive alternative to the relief sought is not available, (e) any prior order sealing the same materials in this action, and (f) the identify of any party or non-party known to be objecting to the sealing request.

| Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| John Retton Deposition Transcript (taken in *Drummond* and *Freeman*)[1]<br><br>13:25-16:3<br>16:19-19:19<br>30:22-32:18<br>38:3-23<br>39:24-40:12<br>43:12-46:9<br>47:2-12<br>48:2-18<br>49:2-15<br>50:2-17<br>50:25-52:6<br>53:11-22<br>55:17-58:20<br>59:8-63:7<br>63:17-64:24<br>65:20-66:22<br>68:7-69:25<br>70:13:74:11<br>75:7-76:14<br>77:3-86:15<br>86:20-87:1<br>88:11-19<br>89:21-95:14<br>96:12-100:4 | Portions of the deposition transcript discuss Progressive's trade secrets. | This testimony discusses Defendant's proprietary materials used to train its claims adjusters on handling and settling claims in a fair and efficient manner. As one district court in the Ninth Circuit has recognized, "[t]he claims handling industry is a highly competitive one. [Insurer defendants] derive specific economic advantage in their claims handling training and process. This advantage can only be maintained by keeping the subject training materials private and confidential." *Cohan v. Provident Life & Accident Ins. Co.*, No. 213CV00975LDGCWH, 2014 WL 12596287, at *3 (D. Nev. Nov. 7, 2014). | Progressive took the least restrictive method by redacting the limited portions of the transcript that discuss trade secrets. | None |

---

[1] The references to *Drummond* and *Freeman* refer to the following actions: *Drummond, et al. v. Progressive Specialty Ins. Co.*, et al., No. 5:21-cv-04479-EGS (E.D. Pa.) and *Freeman v. Progressive Direct Ins. Co.*, No. 1:21-cv-03798-DCC (D.S.C.).

| Michael Silver Deposition Transcript (taken in *Volino*)[2]<br><br>15:7-10<br>15:15-16:8<br>16:13-15<br>16:18-21<br>18:1-19:1<br>25:14-18<br>26:2-13<br>30:23-31:10<br>34:17-20<br>35:23-36:2<br>37:7-10<br>37:20-38:4<br>39:24-40:4<br>40:21-43:1<br>50:14-23<br>57:7-24<br>61:4-13<br>61:23-62:13<br>63:20-22<br>68:8-13<br>68:16-25 | Portions of the deposition transcript discuss Progressive's trade secrets regarding internal data systems used in various functions of its business | Public disclosure of information regarding Defendant's electronic data systems, which it uses in various functions of their business to set rates in order to obtain a competitive advantage, would result in harm to Defendant's competitive standing. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting the right of access to judicial records yields to the court's power to protect "sources of business information that might harm a litigant's competitive standing"). | Progressive took the least restrictive method by redacting the limited portions of the transcript that discuss trade secrets. | None |

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21 day of September 2023

                                          /s/ John Retton
                                          John Retton

---

[2] The reference to *Volino* refers to the following action: *Volino v. Progressive Cas. Ins. Co.*, 1:21-cv-06243-LGS (S.D.N.Y.).

# Exhibit 2

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KRISTIN PETRI and SHERDON GREEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DRIVE NEW JERSEY INSURANCE COMPANY, a New Jersey corporation, and PROGRESSIVE GARDEN STATE INSURANCE COMPANY, a New Jersey corporation,<br><br>Defendants. | Case No.: 1:21-cv-20510-CPO-AMD<br><br>**CLASS ACTION** |

## DECLARATION OF PHILIP KROELL IN SUPPORT OF JOINT MOTION TO FILE UNDER SEAL PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, PHILIP KROELL, make this declaration under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am over 21 years of age and have personal knowledge of the matters stated in this affidavit based on my experience, review of company records maintained in the regular course of Mitchell International, Inc.'s ("Mitchell") business, and my communications with Mitchell employees and employees and/or representatives of J.D. Power. This Declaration is based upon my personal knowledge and is made in support of the Parties' Joint Motion to File Under Seal Plaintiffs' Motion for Class Certification.

2. If called as a witness to this matter, I could truthfully and competently testify as to all matters stated herein.

3.  I am employed by Mitchell as an Appraisal Lead. My primary duties include consulting on Mitchell's WorkCenter Total Loss product and related services. I am familiar with WorkCenter Total Loss, and I regularly communicate with J.D. Power employees and/or authorized representatives about WorkCenter Total Loss.

4.  With the assistance of counsel and pursuant to Local Rule 5.3(c)(3), I prepared the below index describing (a) the materials at issue, (b) the interests warranting the relief sought, (c) the injury that would result if the relief sought is not granted, (d) why a less restrictive alternative to the relief sought is not available, (e) any prior order sealing the same materials in this action, and (f) the identify of any party or non-party known to be objecting to the sealing request.

| Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| Philip Kroell Deposition Transcript (taken in *Volino*)[1] | Portions of the deposition reflect Mitchell's proprietary WorkCenter total loss software and highly sensitive, confidential, and proprietary trade secret business information. | Loss of competitive advantage; dissemination of confidential and trade secret information. *See also* Joint Motion, § II. | Counsel has sought sealing of only those portions of the filing for which there is legal authority to seal. | n/a |
| Exhibits 8 and 21 to Philip Kroell Deposition Transcript (taken in *Volino*) | These exhibits reflect Mitchell's confidential, and proprietary trade secret business information. | Loss of competitive advantage; dissemination of confidential and trade secret information. *See* | Due to the intertwining nature of the confidential material within, it would be difficult to adequately redact all potentially sensitive | n/a |

---

[1] The reference to *Volino* refers to the following action: *Volino v. Progressive Cas. Ins. Co.*, 1:21-cv-06243-LGS (S.D.N.Y.).

| | | also Joint Motion, § II. | information while retaining their necessary context. | |
|---|---|---|---|---|
| Expert Report of Michelle Lacey, Ph.D. | Portions of the Lacey Report reflect confidential features of Mitchell and J.D. Power's proprietary methodologies and trade secrets. | Loss of competitive advantage; dissemination of confidential and trade secret information. See also Joint Motion, § II. | Counsel has sought sealing of only those portions of the filing for which there is legal authority to seal. | n/a |
| Exhibits 5 and 8 of Expert Report of Michelle Lacey, Ph.D. | These exhibits reflect Mitchell's proprietary WorkCenter Total loss software and highly sensitive, confidential, and proprietary trade secret business information and J.D. Power's proprietary data. | Loss of competitive advantage; dissemination of confidential and trade secret information. See also Joint Motion, § II. | Due to the intertwining nature of the confidential and highly confidential material within, it would be difficult to adequately redact all potentially sensitive information while retaining their necessary context. | n/a |
| Excerpts of Plaintiffs' Motion for Class Certification Referencing the above materials | See Joint Motion, § II. | Loss of competitive advantage; dissemination of confidential and trade secret information. See also Joint Motion, § II. | Counsel has sought sealing of only those portions of the filing for which there is legal authority to seal. | |

Executed this 20th day of September, 2023, in Oro Valley, Arizona.

_____
Philip Kroell

3

# Exhibit 3

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KRISTIN PETRI and SHERDON GREEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DRIVE NEW JERSEY INSURANCE COMPANY, a New Jersey corporation, and PROGRESSIVE GARDEN STATE INSURANCE COMPANY, a New Jersey corporation,<br><br>Defendants. | Case No.: 1:21-cv-20510-CPO-AMD<br><br>**CLASS ACTION** |

### **DECLARATION OF JOSHUA TESTASECCA IN SUPPORT OF JOINT MOTION TO FILE UNDER SEAL PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, JOSHUA TESTASECCA, make this declaration under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am over 21 years of age and have personal knowledge of the matters stated in this declaration based on my experience, review of company records maintained in the regular course of J.D. Power's business, my communications with J.D. Power employees, and communications with employees and/or representatives of Mitchell International, Inc. This Declaration is based upon my personal knowledge and is made in support of the Parties' Joint Motion to File Under Seal Plaintiffs' Motion for Class Certification.

2. If called as a witness to this matter, I could truthfully and competently testify as to all matters stated herein.

3. I am a Senior Data Analyst for J.D. Power. I have been employed by J.D. Power since October 2015. My duties include providing data analysis and related support for Third-Party Subpoena Respondent Mitchell International, Inc.'s WorkCenter Total Loss product. Specifically, I manage the data used by the WorkCenter Total Loss application in calculating the Projected Sold Adjustment – an adjustment based on data comparing actual sales prices of similar vehicles against the last listed price for the same vehicle. I am familiar with WorkCenter Total Loss, and I regularly communicate with Mitchell employees and/or authorized representatives about WorkCenter Total Loss.

4. With the assistance of counsel and pursuant to Local Rule 5.3(c)(3), I prepared the below index describing (a) the materials at issue, (b) the interests warranting the relief sought, (c) the injury that would result if the relief sought is not granted, (d) why a less restrictive alternative to the relief sought is not available, (e) any prior order sealing the same materials in this action, and (f) the identify of any party or non-party known to be objecting to the sealing request.

| Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| Expert Report of Michelle Lacey, Ph.D. | Portions of the Lacey Report reflect confidential features of Mitchell and J.D. Power's proprietary methodologies and trade secrets. | Loss of competitive advantage; dissemination of confidential and trade secret information. *See also* Joint Motion, § II. | Counsel has sought sealing of only those portions of the filing for which there is legal authority to seal. | n/a |
| Exhibits 5 and 8 of Expert Report of Michelle Lacey, Ph.D. | These exhibits reflect Mitchell's proprietary WorkCenter Total loss software and | Loss of competitive advantage; dissemination of confidential and trade secret | Due to the intertwining nature of the confidential and highly confidential material | n/a |

|  | highly sensitive, confidential, and proprietary trade secret business information and J.D. Power's proprietary data. | information. See also Joint Motion, § II. | within, it would be difficult to adequately redact all potentially sensitive information while retaining their necessary context. |  |
|---|---|---|---|---|
| Expert Report of Kirk Felix | Portions of the Lacey Report reflect confidential features of J.D. Power's proprietary methodologies and trade secrets. | Loss of competitive advantage; dissemination of confidential and trade secret information. See also Joint Motion, § II. | Counsel has sought sealing of only those portions of the filing for which there is legal authority to seal. | n/a |
| Exhibit 2 of Expert Report of Kirk Felix | This exhibit reflects J.D. Power's proprietary data. | Loss of competitive advantage; dissemination of confidential and trade secret information. See also Joint Motion, § II. | Due to the intertwining nature of the confidential and highly confidential material within, it would be difficult to adequately redact all potentially sensitive information while retaining their necessary context. | n/a |
| Blaine Bogus Deposition Transcript (taken in *Volino*)[1] | Portions of the deposition reflect J.D. Power's proprietary Projected Sold Adjustment methodology and highly sensitive, confidential, and proprietary trade secret business information. | Loss of competitive advantage; dissemination of confidential and trade secret information. *See also* Joint Motion, § II. | Counsel has sought sealing of only those portions of the filing for which there is legal authority to seal. | n/a |
| Excerpts of Plaintiffs' Motion for Class Certification | *See* Joint Motion, § II. | Loss of competitive advantage; dissemination of confidential and trade secret | Counsel has sought sealing of only those portions of the filing for which there is |  |

---

[1] The reference to *Volino* refers to the following action: *Volino v. Progressive Cas. Ins. Co.*, 1:21-cv-06243-LGS (S.D.N.Y.).

| Referencing the above materials | | information. *See also* Joint Motion, § II. | legal authority to seal. | |

Executed this 20th day of September, 2023, in Sterling Heights, Michigan

_____
Joshua Testasecca